Deering & Co. v. Collins & Son.

DEERING & Co., Appellants, v. COLLINS & SON, Defendants; T. C. HORNBUCKLE, Interpleader, Respondent.

Kansas City Court of Appeals, December 2, 1889.

1. **Attachment:** INTERPLEADER: DESIGNATIONS OF PARTIES. Where goods are seized on attachment, and a third party claiming them is interpleader therefor, on the trial of such issue, the parties should be designated as plaintiff and interpleader, and avoid the confusion of calling the interpleader, plaintiff, and the plaintiff, defendant.

2. **Instructions:** MULTIPLICITY OF, CONDEMNED: VERBAL CRITICISM: HARMLESS ERROR. Multiplicity of instructions is condemned as tending to confuse, rather than. enlighten, besides enhancing the chances of minor errors. Certain verbal criticisms of instructions are considered, and dismissed as harmless error, if error at all.

3. **Fraudulent Conveyances:** BURDEN OF PROOF. Where plaintiff attacks the conveyance, under which interpleader claims for fraud, the burden of proof rests on him, and, in the absence of such proof, or if all the facts and circumstances consist as well with honesty and fair dealing, then the jury are justified in finding there is no fraud.

4. ———: INSTRUCTIONS AS TO PROOF OF FRAUD. The court properly instructed the jury that it is not necessary to make proof of such fraud by direct and positive testimony, but it may be shown by facts, circumstances.

5. ———: CREDITOR MAY KNOW OF, BUT NOT PARTICIPATE IN, FRAUD. Mere knowledge of the fraudulent intent of the debtor is not sufficient to deprive a creditor of his acquired security; he must, in addition, have participated in the fraudulent design of the debtor—have intended to aid and abet the fraud.

6. ———: PURCHASER WITH KNOWLEDGE OF FRAUDULENT INTENT. A different rule prevails in the case of a purchaser, who buys the goods of a debtor, seeking to defraud his creditors; and such purchase will be void as to such creditors, if made with knowledge that the debtor is seeking to convert his goods into money, and thereby avoid his creditors.

7. **Evidence.** Certain objections to the ruling of the trial court, in the admission and rejection of evidence, examined and found to contain no cause of complaint.

*Appeal from the Johnson Circuit Court.*—HON. CHAS. W. SLOAN, Judge.

AFFIRMED.

*Boggess & Moore*, for the appellants.

(1)   The first instruction given for the interpleader is wrong in two important particulars. (*a*) It tells the jury that said "deed of trust will be deemed *bona fide* and honest" (as against the plaintiff), "unless it is proven to be fraudulent," thus making the recitals in said deed evidence of a sufficient consideration, which is essential, as against plaintiff, who is a stranger thereto, and as to whom said recitals are mere hearsay. (*b*) In the latter portion thereof it is argumentative, and comments on the evidence, and, in addition thereto, is directly condemned in 57 Mo. and 6 Mo. App., cited below. 2 Whart. Ev. [3 Ed.] sec. 1039, *et seq.*, and notes; *Chubbuck . Railroad*, 77 Mo. 591–4; *Young v. Ridenbaugh*, 67 Mo. 574; *State v. Estel*, 6 Mo. App. 6; *Jones v. Jones*, 57 Mo. 138; *Miller v. Marks*, 20 Mo. App. 369; *Frederick v. Allgaier*, 88 Mo. 598. (2)   The third instruction given for interpleader is wrong in this: (*a*) There is no evidence that said Dewar had assumed any debt, or incurred any expense, for Collins & Son. (*b*) Because it is predicated of an indefinite amount— about twenty-one hundred dollars. (*c*) Because it tells the jury that the fact of the insolvency of the grantors and grantee constitutes no legal objection to such a conveyance. *Gregg v. Lee*, 37 La. Ann. 164. (3)   The fourth instruction given for the interpleader is wrong in this: (*a*) It is so involved in its terms and phraseology as to be incomprehensible, and hence confusing and misleading to the minds of the jury. (*b*) It tells the jury, in so many words, "but a design to pay one creditor, and thereby delay another creditor, is not necessarily fraudulent; nor is a combination to effect such

design necessarily fraudulent." What might a pack of rascals not do under such interpretation of the law? This proposition can need no authorities for its refutation. (4) The fifth instruction is wrong in this: It is predicated of the supposed fact that, at the time of the execution of the note and deed of trust, said Collins & Son and said Dewar had a settlement, and the latter then assumed, and agreed to pay, the Rogers' debt, of which fact there is no evidence in the record. On the contrary, the evidence is distinct and unequivocal that Dewar had said note and deed of trust prepared by Hornbuckle, at Warrensburg, took them to Collins, at Knobnoster, who said the amount was too much. Dewar promised to send statement, but never did so. Collins, then and there, executed the papers; this was all. Thus the court is induced to instruct on a supposed state of case, which did not exist. Instructions must be based upon the evidence. As to this matter, Collins testified. Q. "Did you have any statement from Mr. Dewar, as to the amount of your indebtedness, at the time you settled with him?" A. "No, sir. I told him I thought it was too much. * * *." (5) Plaintiff offered in evidence an admission, as follows: "It is conceded as a fact that the interpleader did not make any objection to the application, as asking for an order of sale, and the approval of the same by the court." (6) The court below refused instruction numbered five, asked by the plaintiff.

*W. W. Wood, S. P. Sparks* and *A. B. Logan*, for the respondents.

(1) The only issue in this cause is, was the interpleader, at the time of the levy of the writ of attachment, the owner of the goods levied upon? *Nolan v. Deutsch*, 23 Mo. App. 1; *Mansur v. Hill*, 22 Mo. App. 372. (2) There was no error in the first instruction

given for interpleader; it asserted two well-settled prop-
ositions: (a) That the burden of proving fraud
devolves upon the plaintiffs (respondents). *State v.
Laurie*, 1 Mo. App. 371; *Albert v. Besel*, 88 Mo. 150;
*Gutzweiler v. Lackman*, 39 Mo. 91; *Weinstein v. Reid*,
25 Mo. App. 41, 50. (b) If all the facts and circum-
stances in evidence comport as well with honesty and
fair dealing as they do with an intention to defraud, then
the jury should find the deed of trust to be *bona fide.*
*Dallam v. Renshaw*, 26 Mo. 533, 544; *Chapman v.
McIlwrath*, 77 Mo. 38, 44; *Reimbolds v. Parr*, 51 Mo.
592, 598; *Henderson v. Henderson*, 55 Mo. 534, 555, 556;
*Young v. Kellar*, 94 Mo. 581, 587; *Priest v. Way*, 87
Mo. 16, 26. (3) Appellant's first objection to the third
instruction for interpleader is fully met by the testi-
mony of both Collins and Dewar. (4) The doctrine
laid down in the fourth instruction is correct. *Gaff v.
Stern*, 12 Mo. App. 119; *State v. Laurie*, 1 Mo. App.
371; *Shelley v. Boothe*, 73 Mo. 74; *Coffin Co. v. Rubelman*,
15 Mo. App. 280, 228; *Kuykendall v. McDonald*, 15
Mo. 415; *State v. Benoist*, 37 Mo. 501; *Singer v. Golden-
burg*, 17 Mo. App. 549, 564. (5) Interpleader's sixth
instruction is correct. (6) There was no error in
excluding the admission set out in appellant's sixth
point. (7) The fifth instruction offered by appellants
was properly refused, for the reason that it told the jury
that mere knowledge on the part of Collins would
render the conveyance fraudulent. See authorities
under point 4.

GILL, J.—In November, 1887, plaintiffs, Deering &
Co., began an attachment suit against defendants,
Collins & Son, and levied upon a certain stock of
merchandise at Knobnoster, where said Collins & Son
had conducted business. A short time before this
attachment suit was brought Collins & Son had made a
deed of trust to interpleader Hornbuckle to secure the

payment of some twenty-one hundred dollars, claimed to be owing to one C. H. Dewar. This deed of trust covered the same property thus attached by Deering & Co., and when the attachment was levied interpleader Hornbuckle was in possession under said deed of trust. Hornbuckle interpleaded for the goods, an issue was made, tried before court and jury, and a finding and judgment for the interpleader, from which plaintiffs, Deering & Co., have appealed.

I. Under head of "*points and authorities*," in brief of appellants' counsel, we conclude the principal matters complained of relate to the court's action in giving and refusing instructions, although it may be well questioned if the record permits any such review by this court, since it is uncertain if the trial court was called upon to correct its own errors in this direction.

The confusion arises from the misuse of names in designating parties to *this* controversy.

This is a matter in dispute, and of litigation, between Deering & Co., *plaintiffs* and Hornbuckle, *interpleader*, and in the record they should be designated as *plaintiffs* and *interpleader*, respectively. Deering & Co. are not defendants, nor Hornbuckle a plaintiff, as they are at times called in the record of this cause, but to give any meaning to the motion for new trial herein filed, we must understand by the term plaintiff that interpleader Hornbuckle is meant, and by term, defendant, that plaintiffs Deering & Co. were intended.

II. In the matter of instructions given to the jury in this case, the fault appearing conspicuous above all others is, a too great multiplicity of lengthy declarations from the court. The jury becomes thereby *confused* rather than *enlightened*, and besides, too, the chances for minor errors, in expressions from the court, are increased. Plaintiffs' counsel have urged numerous errors in these instructions, given by the court, but a

number relate to mere *verbal* criticisms, and can be dismissed with the remark, that, in our opinion, no serious error is committed, whether the court declare that "the jury shall be satisfied from the evidence," or "shall *believe* from the evidence," or "shall *find* from the evidence." If any error was, in this regard, committed, it was entirely harmless.

The matter at issue between plaintiffs Deering & Co., and interpleader Hornbuckle, was as to the good or bad faith of the transaction between plaintiffs' debtors, Collins & Son and Dewar, by which the entire stock of goods was turned over to Hornbuckle to secure an alleged indebtedness of said Collins to Dewar. Hornbuckle was in possession of the goods claiming title as trustee under deed executed by Collins to Dewar, and plaintiffs, Deering & Co., assailed that title for fraud.

The burden of proof, on that issue, was therefore with Deering & Co.

In the absence of such proof, or if all the facts and circumstances consist as well with honesty and fair dealing, then the jury were justified in finding that there was no fraud, that the said deed of trust was honest and fair. *Chapman v. McIlwrath*, 77 Mo. 33; *Weinstein v. Reed*, 25 Mo. App. 50. As often said, it is not necessary to make proof of such fraud by direct and positive testimony. It may be shown by facts and circumstances surrounding the transaction— *Weinstein v. Reid (supra)*. Hence the learned judge, at the trial of this cause, very properly declared the law as contained in instruction number 1, given at the instance of Deering & Co.

Again plaintiffs complain that the court refused the following instruction by them asked, to-wit:

"5. It is not material that the grantee in the deed of trust from Collins may have paid full consideration, if he knew of, or participated in, said Collins' fraudulent

intent or purpose. If, therefore, you find from the evidence, that said Collins made this conveyance for the purpose of hindering or delaying his creditors, as explained in the other instructions, and that said Dewar had knowledge of such intent or purpose, then you should find for the plaintiffs.

In a controversy of this nature, this instruction is improper, and the court below properly refused it. If Dewar was a *bona fide* creditor of Collins, then he had the right to accept the goods in payment or as security for his claim, notwithstanding Collins may have intended thereby to hinder, delay or defraud other creditors, and notwithstanding Dewar may have *known* of such intent. Mere *knowledge* of the fraudulent intent of the debtor is not sufficient to deprive a creditor of his acquired security. He must, in addition, have participated in the fraudulent design of the debtor, have intended to aid and abet the fraud. So long as the preferred creditor acts with an eye single to secure his own claim, the law will protect him. This doctrine found expression in *Shelley v. Boothe* (73 Mo. 74), and has since been repeatedly announced by the appellate courts of this state.

A different rule pertains in case of mere *purchase*. If a party (not a creditor) shall purchase the goods of a debtor seeking to defraud his creditors, and such party have knowledge of such intent by the debtor, and knows that the debtor is seeking to convert his goods into money, and thereby avoid his creditors, then such sale will be void as to such creditors. *Frederick v. Allgaier*, 88 Mo. 603; *Dougherty v. Cooper*, 77 Mo. 528. The instructions given in the trial of this cause, in the main and in every substantial particular, conform to the well established law governing such cases. The reference in instruction number 3, to the approximate amount of Dewar's claim, was not error, or, if error, is too insignificant to complain of. So, too, the same may be

said of the closing paragraph of the same instruction, that Dewar's rights were not affected by the fact (if it was a fact) that he, Dewar, was insolvent when he accepted the preference.

The instruction as to the measure of damages was correct.    31 Mo. 567; 57 Mo. 427.

III.   Neither is there any cause to complain as to the court's rulings on the admission or rejection of evidence.   It seems that, after objections to certain evidence, as to the value, were made and sustained, that the same witnesses were permitted to give their estimate of values.   And it is equally clear that the fact that the court ordered the goods sold, without objection from interpleader, had no possible bearing on the issues being tried in this cause.

From an examination of all the points made, in the light of the record, it appears there was a fair trial of the issues, and that the case was submitted to the jury on instructions reasonably favorable to the plaintiffs and interpleader alike, and we, therefore, affirm the judgment.   The other judges concur.