BURLOCK ET AL. v. CROSS ET AL.

1. PRINCIPAL AND AGENT — UNAUTHORIZED ACTS OF AGENT VOID WITHOUT RATIFICATION.— A contract with defendant, who was an agent of a mercantile house, made by a traveling salesman of the plaintiffs', to cancel a debt due the latter house from the firm of which defendant was formerly a member, in consideration of his buying goods for his present employers from the plaintiffs, constitutes no defense to an action for the debt.

2. TENDER — MISLEADING INSTRUCTION.— Where it was shown that a former member of a firm offered to pay one-half of the partnership debt for an individual release from the other portion, but there was no evidence of a legal tender of the amount, it was erroneous and misleading to charge the jury that a tender was an offer to pay the amount due in cash.

*Error to Fremont County Court.*

Mr. A. MACON, for plaintiffs in error.

Mr. JOSEPH H. MAUPIN, for defendants in error.

BISSELL, C. This action was originally brought before a justice by Burlock & Co. against the defendant Cross, to recover $265 for goods sold and delivered in the state of Wisconsin. The trial resulted in a judgment, from which an appeal was taken to the county court of Fremont county, where judgment was again rendered for plaintiffs for $122. The action was tried without written pleadings, and simply upon the statement of the cause of action which was originally made before the justice. There was no con- tention whatever concerning the substantial facts out of which the plaintiffs' cause of action grew. As already stated, the action was brought to recover the price and value of certain goods sold by Burlock & Co. to Cross & Hambright. The sale of the goods, and the amount and value, were conceded. The principal defense rested on an agreement said to have been made years after the sale with a traveling agent who represented Burlock & Co. Sub- stantially it was that, if the defendant Cross would pur- chase for the house in which he was then clerking what his employers needed in the line of goods carried and sold by the plaintiffs, the debt of Cross & Hambright would be for- given. Cross testified that, in pursuance of the agreement, he gave an order for goods to be furnished to his firm, and subsequently, when he went into business for himself, con- tinued to purchase goods from the same parties. Whether such an agreement, without more, can be said to be based upon a sufficient consideration to support it as a release of an existing debt, is a thing which in this opinion need not be determined. According to the proof in the case, the agreement was of no value for the purposes of a defense. It was made with a traveling salesman representing Burlock & Co., and as such he would be without authority to enter

into any convention of that description which would bind his employers. In order to make the defense available, it was incumbent upon the defendant to show original authority in the salesman, or else a subsequent ratification of the act or agreement by the firm. It was conceded that there was no original authority. In order to support an agreement made by an agent who possesses no original authority the ratification proven must be of the agreement originally entered into, and it must be shown to have been made with full knowledge of the thing to be ratified, and the intention of the principal must either be proven or necessarily inferable from the language and terms of the transaction between the parties. Nothing of this sort appears in the record. It is therefore apparent that this agreement, as originally made with the salesman, was not good as a defense, nor was it sustained by the proof offered of a subsequent ratification.

An equally fatal error was committed by the court in the instructions which it gave to the jury. During the progress of the trial some testimony was offered by the defendant tending to show an offer on his part to pay one-half of the debt due from his firm, providing he could be released individually from the obligation to pay the other portion. On this testimony the court attempted to instruct the jury upon the law of tender. The court told them, in substance, that a tender was an offer to pay the amount due, and an offer to pay over the amount in cash. It should not have been given to the jury, for there was no evidence in the case that the plaintiff ever made any tender. It was not an accurate statement of the law, for the obligation to keep the tender good is as essential to the legal efficacy of a tender as the offer of the money itself. Neither having been done by the defendant, he was not entitled to have any instruction on that subject given to the jury. Evidently the instructions must have misled them, and they must have regarded the offer to pay as the equivalent of a payment; for upon no other hypothesis

could they have rendered the judgment for plaintiffs for less than one-half of the sum admitted to be due as principal on the original debt. The want of evidence to support the recovery, and the error committed by the court in its instructions to the jury, render it impossible to sustain the judgment. It should be reversed and the cause re-remanded.

REED and RICHMOND, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is reversed.

*Reversed.*