Bissell, P. J.,
delivered the opinion of the court.
In January, 1892, Garrison & Howard were doing a general merchandise business in Garrison, Colorado. They had become indebted to many houses, and at that date were probably entirely insolvent. Their creditors were pressing them for payment, and on the 80th of that month they executed demand notes to the order of some of the individuals and firms to whom they were indebted, and secured the payment of the paper by the execution of divers chattel mortgages upon their entire stock of merchandise and other assets. The notes and securities were delivered and recorded, and the mortgagees took possession. The present appellants, The McCord Bragdon Grocer Company, filed their complaint on the day of the execution of these 'mortgages and sued out a writ of attachment in aid of the suit. The securities were delivered on Saturday, but the writ of attachment was not levied until the following Monday, at about two o’clock in the afternoon, when the sheriff seized the goods under his process and took possession of the entire property. The mortgagees intervened and asserted their title, which was ultimately adjudged to be valid as against the attaching creditors.
The only question raised or argued on this appeal concerns the legal effect to be given the transaction and the legal construction to be put on the instruments which the firm executed. The contention is that the instruments are to be construed as a general assignment for the benefit of creditors, which would make the property or its proceeds one common fund, to be equitably and ratably distributed among them. The argument rests for its support upon the decision in Martin v. Hausman, 14 Fed. Rep. 160, and the cases which accept the doctrine therein announced. Most of those decisions were rendered by nisi prius tribunals, although there are a few states with peculiar statutes which accept this rule; but in the absence of some specific legislation warranting it, it may very safely be-said- that the doc *62 trine is not accepted by the courts generally, and so far as the federal decisions are regarded, they have been expressly overturned by the supreme court of the United States. Union Bank of Chicago v. Kansas City Bank, 136 U. S. 223.
While the circumstances of the case were not identical with the one under consideration, this court in a very recent .decision, speaking by Thomson, Judge, followed the later cases on the subject and declared them to express the true rule in cases of this description. Kellogg v. Thropp et al., 4 Colo. App. 470. That case refers with approval to May v. Tenney, 148 U. S. 60; and Campbell v. The C. C. & I. Co., 9 Colo. 60.
Those cases undoubtedly declare the law to be that any debtor, whether solvent or insolvent, has the legal right to dispose of his property by way of sale, transfer or incumbrance for the purposes of paying or securing any legitimate debt without bringing himself necessarily within the terms of the act which gives him the right to make a general assignment for the benefit of his creditors. According to the tenor of those cases no instrument of transfer or incumbrance will be adjudged to be a deed of assignment unless its terms necessarily compel that construction, or unless there be something in the transaction on which the court would have the right to conclude that the parties intended to make such disposition of their property. The cases agree 'that this indention is derivable either from the language of the instrument or from the acts of the parties. Hunter v. Ferguson, 3 Colo. App. 287; Hargadine v. Henderson, 97 Mo. 375; Cadwell's Bank v. Crittenden, 66 Iowa, 237; Fecheimer v. Robertson, 53 Ark. 101; Schroeder v. Walsh, 120 Ill. 403; Muchmore v. Budd, 53 N. J. Law, 369.
In the present case the intention to make a general assignment for the benefit of creditors is expressly negatived both by the instruments thems'elves and by the circumstances of the transaction. The transfers were by chattel mortgages in the usual form, simply transferring the title of the property to the creditors themselves, with a power of sale and on *63 condition that any surplus should be returned to the grantors. The conditions of the transfer broadly preserve the real distinction between a mortgage and an assignment — the retention of an interest in the mortgagor which is called his equity of redemption. An assignment is always an absolute transfer of title in payment of the debts, while the mortgage is executed as a security. Of course, there is a resemblance between the two, in that they are both executed for the same purpose, to wit: to secure the satisfaction of the debtor’s obligations. In the one case, however, he has the right of redemption, and in the other his title is absolutely gone. The authorities are in harmony that in a case of this sort, the transfer must be construed to be a mortgage and not an assignment. There is nothing in the circumstances of the case which necessitates a different construction. On the other hand, the evidence which the company produced clearly tends in the same direction. There was testimony offered which tended to show that at the time.of the execution of the mortgages, the parties discussed the propriety of making a general assignment for the benefit of their creditors, and went so far in that direction as to direct papers to be prepared looking to that result. The deed of assignment, however, was neither finished nor executed, the purpose was abandoned, and the parties ultimately executed the instruments contained in the record. This circumstance very conclusively shows that the parties had no intention to exercise the light given them by the assignment act; but ultimately concluded to secure the intervening creditors by mortgaging to them.the stock which they had. That the result is to prefer some creditors neither permits nor requires the court to conclude that the securities must be turned into deeds of assignment which would be operative to pay a part of the debt, owed to the appellants. Unless the state or the general government shall pass some bankruptcy law of a general character, which will affix such legal consfequences to the acts of the parties, courts have no right to give to executed instruments a legal *64 construction other than that warranted by the general principles of law which govern such transactions.
A point is attempted to be made on the action of the court with reference to the taxation of costs, whereby the sheriff was allowed a very considerable sum for custodian’s fees and other services rendered in and about the suit. If we were inclined to disturb the ruling of the court in respect of this matter, there is no basis on which we can rest our action. The testimony which was introduced to show the character of the fees, the nature of the services and the excessive amount of the sum charged, has not been preserved by such a bill of exceptions as authorizes us to review or consider it. It is, therefore, left wholly undetermined.
The decision of the court below is in harmony with the law as herein declared, and it will accordingly be affirmed.

Affirmed.