<hr/>

## EVERSMAN ET AL. V. CLEMENTS.

1. STATUTE OF FRAUDS—QUESTION OF FACT.

A question arising under the statute of frauds, as to whether exclusive possession of the chattels sold was given to the purchaser, is one of fact for the jury.

2. FRAUD.

Any transfer for the purpose of hindering or delaying creditors or to reserve benefits to the vendor is fraudulent. To a great extent the question is one of intention, which must be determined from all the circumstances.

3. DEBTOR AND CREDITOR.

An insolvent debtor may prefer his creditor.

*Appeal from the District Court of Pitkin County.*

Mr. C. R. BELL, for appellants.

No appearance for appellee.

REED, P. J., delivered the opinion of the court.

Appellants (plaintiffs below) brought suit by attachment in the county court against one John A. Richie, a baker and retail grocer in the city of Aspen, to recover $108.07, for goods sold and delivered. The attachment was levied upon the stock on the 11th of December, 1893. Appellee was a

baker and had been employed by Richie for nearly a year. Richie owed him, as shown by the testimony, for such labor $369.55, and, being unable to pay, proposed to sell him the stock of goods. On the 8th and 9th of December, what was claimed to be an inventory was taken. A schedule made and the goods transferred by a bill of sale. The rooms in which the business was carried on and fixtures were leased to intervenor for three months, and, on the evening of the 9th, keys and possession were delivered. On the night of the 10th, a sign, with the name of the intervenor as successor to Richie, was placed upon the building. The day following, the attachment was levied upon the stock as the property of Richie.

The stock inventoried, purporting to be the entire stock, amounted to a trifle over $400, which, after paying wages ($369.55), left a balance of $31.55, for which appellee gave a note. Appellee intervened in the suit, claiming to be the owner.

There is no record of the proceeding in the county court nor statement of result, but appellee appears, inferentially, to have taken an appeal to the district court, where a trial was had, resulting in a verdict as follows: " We, the jury, find the issue joined in favor of Anton Clements, intervenor;" a judgment that appellee " was the owner of the goods, and entitled to the possession of the property described in his petition," and for costs. From such judgment an appeal was prosecuted to this court.

Several errors are assigned, the first four being those supposed to have occurred upon the introduction of evidence. They were so unimportant that they could not have materially influenced the result, and will not be further regarded. Eight following are to the instructions of the court, and the balance general.

The jury was exhaustively charged. Twelve elaborate instructions were given at the request of respective counsel. No serious errors appear in them, and they are undoubtedly the law of the case, so far as they are applicable to the facts

proved. The view of the case by the court, and evidently of counsel, is peculiar. One important factor in arriving at a result appears to have been entirely overlooked upon the trial and in appellant's argument.

The title of intervenor to some $400 of stock, inventoried, scheduled, and covered by a bill of sale, appears to have been sufficiently well established, and sufficient possession to have been given to warrant the finding of the jury. The testimony in regard to it was not contradicted, or the credibility of the parties testifying attacked. The finding of the facts was the business of the jury, and where, as in this case, the facts were controverted, such findings are conclusive.

But another important fact was also established,—that the sale of Richie did not embrace the entire stock. The officer who levied the writ made an inventory of the goods taken by him, which schedule was put in evidence, and competent evidence of the value given, by which it appears that much of the stock was not embraced in the sale to the intervenor.

The sale to him embraced 123 enumerated articles; the inventory of the sheriff 220 articles. The purchased articles of intervenor amounted to $401, for which he paid; the value of the entire stock attached was fixed at $684.76, showing the value of the goods not embraced to have been $283.76. The court, counsel and jury seem to have regarded the transaction of necessity as an entirety, where the finding must be for either the attaching creditors or the intervenor for the entire stock.

The charges to the jury embraced the whole stock. Neither counsel nor court called the attention of the jury to the fact that the intervenor could only assert title to the specific articles bought, and to the value of $401. Why it was not done, the goods separated, and the claim of appellants of $108 enforced against the excess, is not explained. As it was, the jury gave the verdict, and the court judgment, for $280 worth of goods he had neither bought nor paid for. For this error the judgment must be reversed.

As there must be a new trial, I will briefly refer to the posi-

tions taken in argument by counsel for appellant, appellee not being represented. It is contended that there was no proper and legal change of possession. The change of possession, and whether exclusive possession was given, was a question of fact to be determined by the jury. The question was submitted under proper instructions, and found for the intervenor. Several authorities are cited in support of the proposition that the possession must be exclusive, and that a concurrent or joint possession is not permissible. As far as shown by the evidence, the goods sold were delivered, and the vendee was invested with absolute and exclusive possession.

It is urged in argument that the sale was collusive and fraudulent as against creditors, but there was no evidence to establish fraud or collusion. Fraud cannot be inferred or implied, but must be established, like any other fact, by competent evidence. It is true that, to a great extent, fraud is a question of intention, and that fraud is to be deduced from the acts incompatible with honesty. Any assignment of property for the purpose of hindering, delaying or defeating creditors is fraudulent. Any transfer to put the property beyond reach of creditors, or to reserve benefits to himself, is fraudulent. Hence the question is one of intention, which must be determined from all the circumstances. Waite on Fraud. Con. 22; *Ottey v. Manning*, 9 East, 64; *Pettibone v. Stevens*, 15 Conn. 26; *Sturtevant v. Ballard*, 9 John. 342; *Lloyd v. Fulton*, 91 U. S. 485; *Humes v. Scruggs*, 94 U. S. 22; *Hunter v. Ferguson*, 3 Colo. App. 287.

One legal proposition, as stated by counsel, is incorrect and restrictive. It is in effect that only a perfectly solvent party can control and make a valid sale of property. The law is the same whether the vendor is solvent or insolvent. So long as a debtor retains control of his property, he can legally prefer one creditor to another. If insolvent, he can pay to one his entire indebtedness, to another nothing, and such discrimination is legal. It is only a question of *bona fides* of the transaction. In this case, as shown by the evi-

dence, and unchallenged, the intervenor had worked for Richie until he had due him $369. Self preservation is the first law of nature. He became afraid of losing the debt;— urged payment. Richie was unable to pay, except by a transfer of goods; and although other creditors may have suffered or been delayed, he had a legal right to receive full payment, and if discrimination was a necessity, it was worthily exercised in favor of the man who earned it by honest continued labor.

The judgment will be reversed, and a new trial ordered.

*Reversed.*