8   213
s12  331

## TAUB v. THE SWOFFORD BROS. DRY GOODS COMPANY ET AL.

FRAUD.

Any alienation of property for the purpose of hindering or delaying creditors in subjecting the property to the payment of the debts is fraudulent.

*Appeal from the District Court of Pueblo County.*

PRIOR to the 15th of June, 1894, one J. S. Glass was doing business as a merchant in the city of Pueblo. On that date his stock of goods was estimated at a value of about $9,000. Being insolvent, he on that date executed to

Isaac Livingstone, a brother-in-law, a chattel mortgage upon the stock of goods for the sum of $2,529, to appellant for $1,641, one to his wife for some amount not stated, also to two other parties, but, as they were not accepted, need not be noticed. The entire stock was delivered to Livingstone, whose mortgage was to be first paid, and who was to act as trustee for payment of appellant's mortgage, which was next in order. The signs were changed, Glass delivered the keys, had no further connection with the business, and, on the 18th, left the country. At the time of the trial, Livingstone testified he did not know where he was. Appellant, who had for some time been employed by Glass as a clerk, was, by Livingstone, put in charge of the business. His brother and Mrs. Glass were employed as clerks. Then .Livingstone returned to Chicago. Appellant conducted the business in the same manner it had formerly been conducted by Glass, sold the goods at retail at customary prices.

On the 19th day of June, 1894, The Swofford Bros. Dry Goods Company, and very shortly after some eight or ten others, creditors of Glass, commenced suits by attachment against Glass and levied upon the goods. Livingstone, Taub (appellant) and Mrs. Glass intervened, claiming title by virtue of their respective chattel mortgages.

A trial was had to the court, a finding in favor of the attaching creditors, and that the chattel mortgages were fraudulent and void, and dismissed the petitions in intervention. From such judgment appellant prosecuted an appeal to this court.

Mr. E. E. HUBBELL, for appellant.

Messrs. HARTMAN & GLENN, Mr. W. B. VATES, Mr. W. B. McNEEL, Messrs. ROGERS, CUTHBERT & ELLIS and Messrs. BICKSLER, McLEAN & PERSHING, for appellees.

REED, P. J., delivered the opinion of the court.

We are, at the outset, greatly embarrassed by the fact that

upon the trial all the attaching creditors were joined as plaintiffs, and the cases of the different interveners consolidated, and but one trial had, as the same issues were involved in all. All the testimony was applicable to all; but, after judgment, the parties intervening again separated, Livingstone prosecuted an appeal to the supreme court, and appellant to this court. But very meagre abstracts of the evidence are presented to this court, and some important testimony is only presented by counsel in brief and argument. The arguments are also brief and quite inconclusive.

We are kindly told by counsel that, "in arriving at its conclusion on the facts, the court *considered all the testimony offered in the said case, as well as the testimony set forth in the abstract of record filed by appellant in this case;*" also that "the original papers are all in the abstract of the record at No. 3526 now pending in the supreme court, which is a proceeding in equity to test the validity of the mortgages that were given by Glass to Isaac Livingstone, the plaintiff in error at No. 3527, now pending in the supreme court, and to Z. Taub, appellant herein, and one of the appellants at No. 3526, pending in the supreme court, and Othelia Glass." We are at a loss to know what the last clause of the quotation means, but presume it has some meaning. From the balance, we are informed that a very attenuated skeleton is presented to this court, and the court informed where further information may be had if found desirable. This seems to involve the rather equivocal compliment that this court could arrive at as valuable a decision without a transcript, bill of exceptions or abstract as it could with.

As we have no means of determining whether the finding of facts by the court was right or wrong, the legal presumption is that the finding and judgment were right, and we are required to affirm the judgment.

The circumstances under which the chattel mortgages were made, the parties to whom they were made,—a brother-in-law residing in Chicago, who providentially and purely accidentally appeared on the scene at that particular date, appellant,

the confidential clerk, and his wife,—taken in connection with the fact of a prearrangement for appellant to conduct the business, and the brother of appellant and wife of the mortgagor to be employed in its conduct, the continuation of the business in the ordinary way, the addition of new goods to the stock, the application of a portion of the proceeds of the stock to pay the antecedent debts of Glass, and the contract made by him in advance for the wages and payment and for the services of his wife, all cast doubt and suspicion upon the honesty of the transaction, and of themselves are sufficient to warrant the presumption, if not sufficient to absolutely establish the fraud. "Fraud is always a question of fact with reference to the intention of the grantor. * * * Every case depends upon its circumstances, and is to be carefully scrutinized. But the vital question is always the good faith of the transaction. There is no other test." Swayne, J., in *Lloyd v. Fulton*, 91 U. S. 485; *Humes v. Scruggs*, 94 U. S. 22; *Hunter v. Ferguson*, 3 Colo. App. 287.

Any alienation of property for the purpose of hindering, delaying or defeating creditors in subjecting the property to the payment of the debts is fraudulent.

The circumstances enumerated above, if not absolutely conclusive, go far to stamp the entire transaction as fraudulent, and show that the transfer to appellant was made to put the property beyond the reach of creditors, to reserve benefits and a resulting trust in favor of the mortgagor.

The evidence to establish the indebtedness of Glass to appellant, upon which the mortgage was based, was equivocal and unsatisfactory, leading strongly to the inference that it was not an honest, *bona fide* debt. The judgment of the district court will be affirmed.

*Affirmed.*