Reed, P. J.,
delivered the opinion of the court.
We are, at the outset, greatly embarrassed by the fact that *215 upon the trial all the attaching creditors were joined as plaintiffs, and the cases of the different interveners consolidated, and but one trial had, as the same issues were involved in all. All the testimony was applicable to all; but, after judgment, the parties intervening again separated, Livingstone prosecuted an appeal to the supreme court, and appellant to this court. But very meagre abstracts of the evidence are presented to this court, and some important testimony is only presented by counsel in brief and argument. The arguments are also brief and quite inconclusive.
We are kindly told by counsel that, “ in arriving at its conclusion on the facts, the court considered all the testimony offered in the said case, as well as the testimony set forth in the abstract of record filed by appellant in this case ff also that “ the original papers are all in the abstract of the record at No. 3526 now pending in the supreme court, which is a proceeding in equity to test the validity of the mortgages that were given by Glass to Isaac Livingstone, the plaintiff in error at No. 3527, now pending in the supreme court, and to Z. Taub, appellant herein, and one of the appellants at No. 3526, pending in the supreme court, and Othelia Glass.” We are at a loss to know what the last clause of the quotation means, but presume it has some meaning. From the balance, we are informed that a very attenuated skeleton is presented to this court, and the court informed where further information may be had if found desirable. This seems to involve the rather equivocal compliment that this court could arrive at as valuable a decision without a transcript, bill of exceptions or abstract as it could with.
As we have no means of determining whether the finding of facts by the court was right or wrong, the legal presumption is that the finding and judgment were right, and we are required to affirm the judgment.
The circumstances under which the chattel mortgages were made, the parties to whom they were made, — a brother-in-law residing in Chicago, who providentially and purely accidentally appeared on the scene at that particular date, appellant, *216 the confidential clerk, and his wife, — taken in connection with the fact of a prearrangement for appellant to conduct the business, and the brother of appellant and wife of the mortgagor to be employed in its conduct, the continuation of the business in the ordinary way, the addition of new goods to the stock, the application of a portion of the proceeds of the stock to pay the antecedent debts of Glass, and the contract made by him in advance for the wages and payment and for the services óf his wife, all cast doubt and suspicion upon the honesty of the transaction, and of themselves are sufficient to warrant the presumption, if not sufficient to absolutely establish the fraud. “Fraud is always a question of fact with reference to the intention of the grantor. * * * Every case depends upon its circumstances, and is to be carefully scrutinized. But the vital question is always the good faith of the transaction. There is no other test.” Swayne, J., in Lloyd v. Fulton, 91 U. S. 485; Humes v. Scruggs, 94 U. S. 22; Hunter v. Ferguson, 3 Colo. App. 287.
Any alienation of property for the purpose of hindering, delaying or defeating creditors in subjecting the property to the payment of the debts is fraudulent.
The circumstances enumerated above, if not absolutely conclusive, go far to stamp the entire transaction as fraudulent, and show that the transfer to appellant was made to put the property beyond the reach of creditors, to reserve benefits and a resulting trust in favor of the mortgagor.
The evidence to establish the indebtedness of Glass to appellant, upon which the mortgage was based, was equivocal and unsatisfactory, leading strongly to the inference that it was not an honest, Iona fide debt. The judgment of the district court will be affirmed.

Affirmed.