[No. 1452.]

LIVINGSTON v. SWOFFORD BROS. DRY GOODS CO. ET AL.

CHATTEL MORTGAGES—FRAUDULENT CONVEYANCE.

A chattel mortgage made to defraud creditors, where the fraudulent intent is participated in by both parties, is void *in toto* and cannot be supported to any extent against creditors, not even to the extent of an actual *bona fide* indebtedness owing by the mortgagor to the mortgagee.

*Error to the District Court of Pueblo County.*

Mr. E. V. LONG and Messrs. PATRICK & ESSEX, for plaintiff in error.

Messrs. BICKSLER, McLEAN & BENNETT, Mr. WILLIAM B. VATES, Messrs. HARTMAN & GLENN, Mr. W. B. McNEIL and Messrs. ROGERS, CUTHBERT & ELLIS, for defendants in error.

WILSON, J.

This suit grows out of the same transaction as did the preceding case, *Isaac Livingston et al. v. Swofford Bros. Dry Goods Co. et al.*, *ante*, p. 320, and the salient and essential facts necessary to a proper understanding of the issues were fully set forth in the opinion of the court therein. This is in fact the third appearance of this cause in some of its branches in this court. It was first brought here by Taub, one of the defendants in the preceding case, on appeal from a judgment in favor of the creditors of Glass, declaring his mortgage to be fraudulent and void. The judgment was affirmed by this court. *Taub v. The Swofford Bros. Dry Goods Co. et al.*, 8 Colo. App. 213.

This particular action was by the attaching creditors of Glass, against Livingston as garnishee in attachment. The object was to secure judgment against him for the amount

of money he had realized from the sales of the stock of goods of Glass while in the garnishee's possession under a chattel mortgage which the creditors claimed to be fraudulent and void as to them. The opinion of the court in the preceding case is decisive of some of the questions at issue in this, and they will therefore not be discussed. There are, however, some few points raised in this case and not common to the two, which will require brief consideration. In his answer as garnishee, Livingston alleged that he had held possession of the stock of goods and merchandise formerly belonging to Glass, and that a portion thereof, in violation of his rights as mortgagee, had been taken from his possession by the sheriff of the county under writs of attachment in favor of the plaintiff creditors, and that the remainder had been taken from his possession subsequently by the receiver appointed by the court; that he was not indebted to defendant Glass in any sum whatever, and that he did not have in his possession any money or property belonging to Glass. Plaintiffs traversed the answer by a general denial of all of its allegations, and by an averment that the mortgage executed by Glass to Livingston was fraudulent, in that it had been given by Glass and received by Livingston with intent to hinder and delay the plaintiffs in the collection of their just claims; that at such time Glass was not indebted to Livingston in the amount set forth in the mortgage; that the property upon which he executed the mortgage was of value greatly in excess of the alleged debt secured thereby, and that since obtaining possession thereof, garnishee had been wasting and misappropriating the proceeds. Upon trial, the court specifically found the mortgage to be fraudulent and void as to the plaintiff creditors and all other creditors of Glass; that the property mortgaged and of which garnishee held possession was then, and at the times of the bringing of the said several actions in attachment, the property of Glass, and subject to the attaching claims of the plaintiffs, as attaching creditors of said defendant Glass, and that Livingston had no rights or interests therein against the plain-

tiffs and the *bona fide* creditors of Glass.   The court further
found that while in possession of the goods, Livingston had
realized therefrom, over and above the expenses of sale,
about $2,600, and that for this sum he was indebted to the
defendant Glass for the use of plaintiffs.   The court ren-
dered judgment against the garnishee for that amount, ap-
portioning it among the attaching plaintiffs according to the
amount of their respective claims.

The garnishee brings the case here on error, and strenu-
ously insists, as he did in the preceding case, that the court
erred in its judgment declaring the chattel mortgage to be
fraudulent and void.   The statute of Colorado with reference
to fraudulent conveyances or assignments with intent to hin-
der and delay creditors is very broad and comprehensive in
its scope.   Gen. Stats. sec. 1526.   It declares that all such
shall be absolutely void.   It is true that this intent must be
participated in by both parties, grantor and grantee, or mort-
gagor and mortgagee, but when such is the case, it is settled
by all authority beyond controversy, that the conveyance or
mortgage is null and void.   Jones on Chattel Mortgages,
§ 334, *et seq.;* Cobbey on Chattel Mortgages, § 769; *Deering
& Co. v. Collins & Son*, 38 Mo. App. 73; *Ferguson v. Hill-
man*, 45 Wis. 181; *Sloan et al. v. Coburn*, 26 Neb. 607; *Her-
kelrath et al. v. Stokey*, 63 Ill. 487; *Rindskopf et al. v. Vaughan*,
40 Fed. Rep. 394.

It is also equally well settled that if the mortgage is void
because of the fraudulent intention of both parties, it is fraud-
ulent and void *in toto*, and cannot be supported to any extent
against creditors, not even to the extent of any actual and
*bona fide* indebtedness owing by the mortgagor to the mort-
gagee.   Jones on Chattel Mortgages, § 350; *Weeden v. Hayes*,
10 Conn. 50; *Wallack v. Wylie*, 28 Kan. 138; *Ferguson v.
Hillman, supra*.

It is further settled that the possession of the mortgagee
under a chattel mortgage originally void as in fraud of cred-
itors, before its validity is attacked by them gives the mort-
gagee no rights, and can avail him nothing against the honest

creditors. *Wells v. Langbein*, 20 Fed. Rep. 183; *Gallagher v. Rosenfeld*, 47 Minn. 507.

All of these questions of fact were upon trial found by the court in favor of the plaintiffs against the garnishee. There was ample evidence to sustain such findings, and they cannot therefore be disturbed by this court.

The garnishee insists that before the attaching creditors could have lawfully seized or obtained any right in the mortgaged property, or the proceeds thereof, they must first have paid or tendered to the mortgagee the amount of his debt for which the property was pledged, as is provided in code, sections 135, 137 and 138. This would be true, but for the important fact that the court had properly found the mortgage to be in fraud of creditors, and hence absolutely void. This being the case, the garnishee had no right to any part of the mortgaged property or of the proceeds thereof received by him as against the *bona fide* creditors.

A number of other questions are raised and discussed by garnishee, but they are not pertinent and require no discussion at our hands, by reason of the fact that the mortgage was declared to be void. No material error being brought to our attention, the judgment will be affirmed.

*Affirmed.*