## HUMES *v.* SCRUGGS.

1 A general replication denies every allegation in the answer of a defendant not responsive to the bill. Therefore, he must prove his allegation of a decree in a former suit pleaded by way of estoppel.

2. A decree in a suit between husband and wife, confirming a conveyance of real estate made to her by him, does not bind his assignee in bankruptcy suing to set such conveyance aside on the ground that it was made in fraud of creditors.

8. If money, which a married woman might have had secured to her own use, is allowed to go into the business of her husband, be mixed with his property,

and applied to the purchase of real estate for his advantage, or for the purpose of giving him credit in business, and is thus used for a series of years, such real estate, unless there is at the time of its purchase a specific agreement that it shall belong to the wife, becomes the property of the husband for the purpose of paying his debts. A conveyance thereof to his wife upon the occurrence of his bankruptcy is a fraud upon his creditors, and void.

4. Fraud is generally a question of fact to be determined by all the circumstances of the case.

APPEAL from the District Court of the United States for the Northern District of Alabama.

This is a suit by the assignee in bankruptcy of John W. Scruggs to set aside a conveyance of certain real estate made by the latter to his wife, as being in fraud of the rights of creditors. The court below dismissed the bill; whereupon the assignee appealed here.

The facts upon which the decision of the court is based are set forth in its opinion.

*Mr. Thomas C. Fullerton* and *Mr. F. P. Ward* for the appellant.

No counsel appeared for the appellee.

MR. JUSTICE HUNT delivered the opinion of the court.

It is not entirely certain what the court is called upon to review in the present case. By the decree of the court below it is recited that upon the hearing of the cause upon the pleadings it is adjudged that the bill be dismissed. The record, however, comes to us with voluminous evidence upon the merits, and we have not the advantage either of an opinion of the court or of a brief by the party obtaining the decree. It will be necessary, therefore, to give attention to the case in both of its aspects.

The bill was filed by the assignee in bankruptcy of John W. Scruggs against the bankrupt's wife, alleging the adjudication of bankruptcy made upon a voluntary petition filed in June, 1868, and the fraudulent conveyance, in January, 1866, of property of the value of $50,000; that this covered all the property of the bankrupt, and that he was then insolvent. The defendant answered, admitting the conveyance, denying the fraud, alleging that the property conveyed to her was purchased and paid for with her money and for her, and that she believed for

several years that the title was taken in her name; that it was improved by her husband at an expense not exceeding $18,000, of which $4,400 belonged to her separate estate, and $2,400 was realized from the sale of a portion of the land. She denied that the deed to her conveyed all the property that her husband possessed, but did not state how much remained, or what it was, and she denied knowledge of his insolvency, if it existed.

As a distinct defence in bar of the recovery sought, she further alleges that on the eleventh day of November, 1867, by her next friend, she filed a bill in the State court against her husband, to which he answered on the same day, in which proofs were taken; and that in December of that same year a decree was rendered, in which the said deed of Jan. 14, 1866, was in all things ratified and confirmed. A copy of the decree is annexed to her answer. To this answer the plaintiff, the assignee, filed a general replication. It is supposed that this suit and this decree, forming a part of the answer of Mrs. Scruggs, furnished the support to the decree dismissing the bill in the present suit on the pleadings.

To this result there are two valid objections:—

1. By the interposition of a general replication, every allegation in the answer of Mrs. Scruggs not responsive to the bill was denied. No such allegation could be taken as true, but must be proved before it could be used by the party making it. The allegation of a former suit and of the decree therein came under this rule. It was denied that there was such a former suit, and that a decree was rendered therein affirming the transaction of May 14, 1866. How, then, can it be said with accuracy, upon the pleadings, when the answer was not responsive, and when a replication was filed, that there was a former suit and decree, and that by reason thereof the present bill must be dismissed? *Jacks* v. *Nichols*, 5 N. Y. 178.

2. Let it be assumed that the former suit and the decree therein are proved in a legal manner, still we cannot assent to the theory of its conclusiveness here. There would be little difficulty in making and sustaining fraudulent transfers of property, if the parties thereto could by a subsequent suit between themselves so fortify the deed that no others could attack it.

Mrs. Scruggs files her bill on the 11th November against her husband, to obtain a confirmation of the former proceeding. Her husband, nothing loth, files his answer on the same day. Twenty-one days thereafter, viz., Dec. 2, the term of the court opens.    The papers are presented, proofs are filed, the counsel appear, and a decree of confirmation is adjudged.    Certainly no one can complain in this instance of the delays of justice.

But without reference to these indications of collusion, we are of the opinion that a decree between these parties alone, cannot. bind the assignee in bankruptcy.    The principle is well settled that a judgment binds only the parties to it and their privies.    *Bank* v. *Hodges*, 12 Ala. 118, was a decision upon a case very similar to the one before us.

In *Mutual Benefit Life Ins. Co.* v. *Tisdale*, 91 U. S. 244, the principle is thus laid down : " The books abound in cases which show that a judgment upon the precise point in con- troversy cannot be given in evidence in another suit against one not a party or privy to the record.    This rule is applied not only to civil cases, but to criminal cases, and to public judicial proceedings which are of the nature of judgments *in rem*."    Many cases are cited in illustration of the principle.

This decree no doubt concluded Mr. Scruggs on the question of fraud.    But he was already concluded by his deed, and we do not see that the estoppel by the decree is any more conclu- sive than that by the deed.    Neither of them affect the assignee in bankruptcy, who is expressly authorized by the Bankrupt Act to attack any transfer made by the bankrupt in fraud of his creditors.    Sect. 14.

If we look at the case upon the merits, we also find the result to be in favor of the assignee.

On the 14th of May, 1866, the husband conveys to his wife certain real estate in Huntsville, Ala., called the race-course property.    The value of this property is estimated by the witnesses on the one side as high as $25,000, and by one of those on the other as low as $10,000.    Others put it at $15,000 and $20,000.    He conveyed to her at the same time the interest of one-third of the profits of a hotel in Corinth for five years, and afterwards conveyed to her the fee of the prem- ises, the consideration for which is recited to be the sum of

$25,000. What the actual value of this property was does not distinctly appear. At this time he was hopelessly insolvent. Large debts are proved against him, and in his answer he admits his indebtedness then to have amounted to $300,000. In a deed of the same date, executed by the husband and wife to Francis Sanders, it is recited as follows, viz.: —

"Whereas the undersigned, John W. Scruggs, of the county and State aforesaid, is largely indebted to different persons residing in different localities and States; and whereas this indebtedness is individual and partnership indebtedness, being the partnership indebtedness of Scruggs, Donegan, & Co.; and whereas he is also largely involved as indorser for others, and likewise as surety, and as a member of the firm of Scruggs, Donegan, & Co., as acceptors of bills of exchange; and whereas, owing to the loss or displacement, resulting from the present civil war, of explanatory memoranda, schedules, &c., it is impossible for him at this time to state with accuracy the extent of his liabilities or their character, or to ascertain how much thereof has been remitted by the laches of creditors; and whereas he is anxious to adjust, settle, and discharge, to the extent of his ability, all just claims against him, but is unable at this time, for the reasons above stated, to nominate with accuracy his creditors."

This deed conveyed to Sanders certain lands in Huntsville, and certain lands in Arkansas, among others the plantation called "the Island Place," in trust, to convey the same to such creditors as Scruggs himself should, within twelve months, nominate and appoint.

We may safely assume the total insolvency of the husband at the time of the execution of the deed in question, and, if that is important, that the wife was aware of it.

It is sought to sustain the deed to the wife upon the theory that the land in question was purchased by her husband for her and with her money, and that she believed for years that the title had been taken in her name. Such is the allegation of her answer. The proof is to the contrary. It is true, according to some of the testimony, that she was entitled to certain sums from her relations, which were received by her husband, viz., $3,100 in 1852, or thereabouts; $2,300 at about the same time; $1,200 for a carriage in 1853; and $400 from

Mr. Coxe. These are the sums as stated by herself in her testimony, amounting to $7,000. In the deed of May, 1866, when we may suppose that both the husband and wife would place the sum at the highest amount that truth would permit, it is given at $4,500. We take it, therefore, at that sum. These sums so received he held and used in his business until the year 1866, when his failure occurred. Neither the husband nor the wife testifies that there was any agreement that the husband should hold these sums as and for the estate of his wife, or that when the property in question was purchased it was agreed to be held as her estate. On the contrary, the moneys were held and used by the husband for nearly fifteen years as his own property, and mingled with his personal and partnership affairs. The explanation given by his brother, if true, which is very doubtful, is essentially vicious. He states that it was at his suggestion that the deed was taken to Scruggs instead of his wife. He adds: " At the time referred to, John W. Scruggs was about to open a commission house in Charleston, and was without means or credit, and my reason for giving him this advice was, that the conveyance to himself would give him a credit, whereas then he had none."

But it is probably untrue in fact that this land was bought for her, as she alleges in the answer, or that she believed at any time that the title was taken in her name. As already suggested, the best possible case for the parties would be set forth in the deed which is the subject of the controversy. No such pretence is there set up. The consideration is based upon alleged indebtedness to the wife of a sum of $3,100 received on her account, of another like sum of $2,300, and of her release of dower in certain lands. The pretence that these sums had been agreed to be invested in these lands, and that she supposed it was done, is not suggested. We cannot but suppose this to be an afterthought.

If the money which a married woman might have had secured to her own use is allowed to go into the business of her husband, and be mixed with his property, and is applied to the purchase of real estate for his advantage, or for the purpose of giving him credit in his business, and is thus used for a series of years, there being no specific agreement when the

same is purchased that such real estate shall be the property of the wife, the same becomes the property of the husband for the purpose of paying his debts. He cannot retain it until bankruptcy occurs, and then convey it to his wife. Such conveyance is in fraud of the just claims of the creditors of the husband. *Fox* v. *Meyer*, 54 N. Y. 125, 131; *Savage* v. *Murphy*, 34 id. 308; *Babcock* v. *Gokler*, 24 id. 623; *Robinson* v. *Stewart*, 10 id. 190; *Carpenter* v. *Roe*, id. 227; *Hard's Lessees* v. *Longworth*, 11 Wheat. 199.

Fraud or no fraud is generally a question of fact to be determined by all the circumstances of the case. If the husband in a state of absolute bankruptcy conveys to his wife property fairly worth $15,000 to $20,000, with no present consideration passing, but with a recital of past indebtedness to her to less than a fifth of its value, the transaction is fraudulent and void as to creditors. Authorities *supra*.

We attach no importance to the recited releases of dower as adding a value to the consideration. The lands sold to Derrich, in which it is recited that the wife was dowable, had been conveyed to him in 1860, and the wife had joined in the conveyance and acknowledged the same. Derrich also denies that, in May, 1866, any release of dower was made or was delivered to him.

The lands sold to Peters do not appear ever to have been paid for by him, nor does it appear that they were ever conveyed to him. He had a bond for a title only.

The lands conveyed to Sanders were so conveyed in trust, to be conveyed to such persons as Scruggs should, within twelve months, nominate and appoint.

The pretended releases were mere devices to give color to a fraudulent deed. No benefit was given to the estate by means of them, nor did Mrs. Scruggs part with any thing of value.

*Decree reversed and cause remanded, with directions to enter a decree for the complainant in accordance with this opinion.*