## FARWELL and others *v.* KERR and others.

(*Circuit Court, S. D. Iowa.* June 26, 1886.)

EQUITY—CREDITORS' BILL—COSTS—HUSBAND AND WIFE—CONVEYANCE OF HOME-
STEAD PROPERTY.

Where a wife joined her husband in the mortgage of store property, to one-
twentieth of which she held the legal and equitable title, but previously re-
quired him to convey to herself several pieces of property, one of which was
the west half of the block occupied by them as a homestead, as consideration
therefor and on the ground that her husband received from her father after
her marriage considerable money used in the building of the store, and the
judgment creditors filed a bill as complainants to set aside said conveyance of
the husband to the wife, *held* that, under the peculiar circumstances of this
case, the conveyance be sustained as to the homestead, and be decreed void
as to the remainder of the property; that each party pay the costs of its own
testimony, and the other costs of the case go against the defendants.

Creditors' Bill.

*Cummins & Wright,* for complainants.

*L. Kinkead,* for defendants.

BREWER, J. This is a bill filed by complainants, judgment cred-
itors of A. J. Kerr, to set aside a conveyance made by him to his
wife, Julia Kerr, and to subject the property thus conveyed to the
payment of their judgments. The law governing transactions of this
kind is well settled in the federal courts. *Humes* v. *Scruggs,* 94 U.
S. 22; *Seitz* v. *Mitchell,* Id. 580. The testimony is voluminous, and
in many respects indefinite and unsatisfactory. Comment in detail
would be useless, and I content myself with a statement of my con-
clusions.

The judgment debtor had been a merchant. He became insolvent,
and transferred all his property by mortgage or conveyance. He
mortgaged the lot upon which his store building was situated to a bank
to secure a debt to it. His wife joined in this mortgage. She held
the legal and equitable title to one-twentieth of this property. Be-
fore she would execute this mortgage she required a conveyance of
other property—that now in controversy—to herself. A part of the
property thus conveyed was the W. ½ of block 13, Walter & Roach's
addition to Knoxville. This entire block was occupied by Mr. and
Mrs. Kerr as their homestead. Whether the entire block was exempt
is a question under the evidence. The validity of this conveyance is
claimed on the ground that by the mortgage she parted with her own
property; that in their early married life her husband received from
her father considerable money and property; and that he used it in
the building of the store on the lot mortgaged to the bank under an
arrangement with her that when the building was completed he would
convey an undivided half of the entire property to her. Hence she
claims that she was equitably the owner of one-half the store prop-
erty, and that the value of this was about the same as the value of

the property conveyed to her; that her husband received something from her father is clear, but what amount, and under what circumstances, is not satisfactorily disclosed.    Neither is the testimony satisfactory as to the alleged agreement about the conveyance of one-half of the store property.    The conveyance in controversy, therefore, to the wife, cannot be sustained as a whole.    It should be sustained in part, for she unquestionably owned the one-twentieth of the store.    Taking that into account, as well as the fact that her husband did receive something from her father, and also considering the doubt as to whether the entire homestead be not exempt, I reach this conclusion:    (1) That the conveyance be sustained as to said W. ½ of block 13, the part of the homestead; (2) that it be decreed void as to the remainder of the property; (3) that each party pay the costs of its own testimony; (4) that the other costs of the case go against the defendant.