OLD FOLK'S SOCIETY *v.* MILLARD.

(*Jackson.* May 22d, 1888.)

1. RES INTER ALIOS ACTA. *Decree between husband and wife declaring resulting trust. Its effect on creditors.*

A decree, in a suit between husband and wife alone, rendered by default, without proof or any real litigation, setting up in the wife's favor a resulting trust in her husband's lands, in consideration of her alleged advancement of the purchase price, and vesting title in her, is not *conclusive* upon the husband's existing creditors.

Cases cited and approved: Hix *v.* Gosling, 1 Lea, 561; 94 U. S., 22; 12 Ala., 118.

2. FRAUDULENT CONVEYANCE. *Decree attacked as. Burden of proof.*

Where such decree is attacked by creditors as fraudulent, its recital of consideration, like similar recitals in a deed, must be taken as *prima facie* true; and the burden is upon the creditors to disprove it.

---

FROM SHELBY.

---

Appeal from Chancery Court of Shelby County. W. W. McDowell, Ch.

Smith & Collier for Complainant.

Turley & Wright for Respondents.

Lurton, J. A decree in a suit between husband and wife alone, based upon a decree *pro con-*
43

*fesso* against the husband, there being no proof and no real litigation, establishing a resulting trust in her favor in lands of her husband, and divesting title out of him and vesting same in her, is not such a judicial proceeding as to conclude existing creditors of her husband. *Hume* v. *Scruggs,* 94 U. S. Rep., 22; *Bank* v. *Hodges,* 12 Ala., 118; *Hix* v. *Gosling,* 1 Lea, 561.

Such decree is, however, entitled to same weight and consideration as a deed from husband to wife, reciting a valuable consideration, and not appearing to be a voluntary conveyance. If such a decree is attacked by creditors for fraud, the recital of the consideration upon which it was based, like similar recitals in a deed, are to be taken as *prima facie* true, and the burden of disproving them is upon the creditor.

Contradictory recitals or slight proof, according to circumstances, may be sufficient to shift the burden. Bump Fraud. Convey. (2d Ed.), 575, and authorities cited.

There is no sufficient proof in this case to overcome the presumption of good faith and a sufficient consideration, and the decree of the Chancellor is affirmed.