## PERLMUTTER v. HUDSPETH et al.

(Circuit Court of Appeals, Third Circuit. April 19, 1920.)

### No. 2478.

Bankruptcy ⬅407(5)—"Obtaining money on credit upon false statement" bars discharge.

The making by bankrupt of a written statement of the financial condition of the firm of which he was a member to a bank, for the expressed purpose of obtaining a loan of money to the firm, and upon which such loan was obtained, from which statement he omitted items of indebtedness to his wife and sister aggregating $10,000, shown on the books of the firm, *held* to constitute the obtaining of money on credit by means of a materially false statement, which under Bankruptcy Act, § 14b (3), Comp. St. § 9598, warranted refusal of his discharge.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Obtaining Credit on False Statement.]

Appeal from the District Court of the United States for the District of New Jersey; John Rellstab, Judge.

In the matter of Joseph Perlmutter, bankrupt; Robert S. Hudspeth, trustee. Bankrupt appeals from an order refusing his discharge. Affirmed.

For opinion below, see 256 Fed. 862.

William E. Decker and Mark Townsend, Jr., both of Jersey City, for appellant.

Heyman & Heyman, of Jersey City, for appellee.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and MORRIS, District Judge.

MORRIS, District Judge. This is an appeal from an order of the District Court of the United States for the District of New Jersey denying a discharge in bankruptcy to Joseph Perlmutter, the appellant, upon a finding that he had obtained money on credit upon a materially false statement in writing made by him to the New Jersey Title & Guarantee Company for the purpose of obtaining credit from such company, contrary to section 14b (3) of the Bankruptcy Act (Comp. St. § 9598). 256 Fed. 862.

It is conceded that on February 28, 1916, the appellant was seeking to obtain a loan of $5,000 from the Trust Company for the firm of Perlmutter Bros., consisting of the appellant and his brother; that on that day a statement in writing of the financial condition of the firm was made; that it was signed by the appellant; that this statement was upon that or the following day delivered to the Trust Company, and that on February 29, 1916, the appellant obtained the $5,000 from the Trust Company on credit. It appears from the face of the statement that it was made for the purpose of obtaining credit from the Trust Company for it contains the following entry embodying not

only an express recital to that effect, but also entries showing the disposition to be made of the amount so borrowed, viz.:

"Propose to borrow from Title Company and pay March 1, 1916.          $5,000
Callman ................................................. $1,000
Keller ..................................................    500
Kamonier ................................................    500
Balance for business ....................................  3,000"

It is likewise conceded that on February 28 and 29, 1916, the firm was indebted to Elizabeth Perlmutter, wife of appellant, in the sum of $7,000 and interest, and to Eva Perlmutter, sister of the appellant, in the sum of $1,800 and interest, and that the statement did not show or include either of those items of indebtedness.

The appellant contends that the court below erred in finding (1) that the appellant obtained money on credit upon said statement, and in finding (2) that the statement was a materially false statement within the meaning of the Bankruptcy Act.

The appellant obtained the $5,000 on credit. Consequently the only question involved under appellant's first contention is whether the money so obtained was obtained upon said statement. The statement was made for the purpose of obtaining money on credit from the Trust Company. It so states on its face. The statement was prepared after the Trust Company had been asked to make the loan but before the loan was actually made. Both the president and vice president of the Trust Company testified expressly that they relied on the statement in making the loan. The force of this evidence was not overcome.

That the statement was false is not denied. That it was intentionally false cannot, we think, be doubted in view of the fact that in all trial balances taken off for the use of the members of the firm the items of indebtedness to the wife and sister of the appellant were uniformly included, but such items were with like uniformity omitted from statements made for mercantile agencies. Furthermore the statement specified the several loan creditors and the amounts due them, respectively. It is inconceivable that the appellant would fail to observe the omission therefrom of his wife and sister—particularly as the statement was examined and revised by the appellant and his counsel after it was received from the firm's bookkeeper and before it was sent to the Trust Company. That the statement was materially false seems manifest. On its face it showed an excess of assets over liabilities of $22,800. The amount borrowed was $5,000. The items omitted amounted, with interest, to approximately $10,500. Such a substantial reduction in the margin of safety cannot be said to be immaterial.

The appellant relies on Gilpin v. Merchants' Nat. Bank, 165 Fed. 607, 91 C. C. A. 445, 20 L. R. A. (N. S.) 1023, but the statement there involved was under all the circumstances of that case found to be not intentionally false. But for the reasons heretofore stated we have, after consideration of all the circumstances of this case, including appellant's certificate at the end of his statement that "the above is a fair statement, * * *" arrived at a different conclusion.

The order appealed from must be affirmed.