## BERKEY v. DAVISON PAXON CO.

### No. 6123.

Circuit Court of Appeals, Fifth Circuit.
Oct. 30, 1931.

Hyman M. Morris, of Atlanta, Ga., for appellant.

Edwin McKigney Pearce, and Houston White, both of Atlanta, Ga., for appellee.

Before BRYAN, HUTCHESON and WALKER, Circuit Judges.

WALKER, Circuit Judge.

On May 15, 1930, appellant filed a voluntary petition in bankruptcy, scheduling no assets. Upon her petition for discharge being filed, the appellee, a scheduled unsecured creditor, the amount of its account being $332, opposed the discharge, one of the two specified grounds of opposition being: "That said bankrupt did within four months immediately prior to the filing of her said petition in bankruptcy transfer to her husband, George Berkey, certain articles of jewelry, to-wit: one diamond ring, one wedding ring, and one wrist watch, said transfer being fraudulent and made with intent to delay, hinder and defraud creditors of the said bankrupt in that said transfer was made to the bankrupt's said husband without consideration at a time when the bankrupt was insolvent and unable to pay her debts and with an intention to delay, hinder and defraud the said bankrupt's creditors." Upon a review of the action of the special master in recommending that a discharge be granted, the court refused a discharge. The appeal is from the order or decree to that effect. The

question to be determined is whether a refusal of a discharge is sustainable because of a transfer made by the bankrupt to her husband of one diamond ring and one wrist watch, it appearing that it is not contended in behalf of the appellee that a refusal of a discharge is sustainable by reason of any transaction with reference to the wedding ring mentioned.

Evidence showed the following: The bankrupt's debt to appellee was contracted in 1927. She was married in 1928. About April 20, 1930, an attorney for the appellee saw appellant about that debt, upon which nothing had been paid, and something was said then about suing out a writ of garnishment to reach the salary appellant was receiving. About two weeks before the petition in bankruptcy was filed, the appellant gave to her husband a diamond ring and a wrist watch which he had given her after their marriage. She stated that she let him have those articles to borrow money on. About June 1, 1930, appellant's husband gave back to her the diamond ring and the wrist watch. He stated that he paid $25 for the diamond ring, and $11.50 for the wrist watch. There was no testimony as to the actual value of either of those articles.

The evidence as to the circumstances attending the gift by the appellant to her husband of the two articles mentioned a short time before the filing of the petition in bankruptcy, and of the return of those articles to the appellant by her husband a short time after the filing of the bankruptcy petition, and the accompanying schedules was such as to support a finding that, within the meaning of amended section 14b (4) of the Bankruptcy Act, 11 USCA § 32 (b) (4), the transfer by the bankrupt was made with intent on her part to hinder, delay, or defraud creditors. It appearing that those articles had such value as to be available for use in borrowing money on them, it properly could be inferred that they had such substantial value as to be available for use in payment on debts. The transfer was made in such circumstances as necessarily to have the effect of hindering or delaying creditors. It having been made on the eve of bankruptcy, there was enough in the chain of circumstances disclosed to support the inferences that it was made in contemplation of bankruptcy; that in making it appellant was influenced by a purpose to hinder, delay, or defraud creditors; and that when it was made there was an understanding between the bankrupt and her husband that, after the transfer had served that purpose,

the bankrupt again would become the owner of the articles; the transaction having the effect of only a brief interruption of her ownership. From the evidence, the court properly may have found the existence of such a state of facts as warranted its action in refusing a discharge. Farmers' Savings Bank v. Anton (C. C. A.) 1 F.(2d) 103; Gilbert's Collier on Bankruptcy, 1927, p. 362; 12 R. C. L. 537.

The decree is affirmed.