**TIBBS v. CATERINACCI.**

No. 6322.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 16, 1951.

Decided Oct. 29, 1951.

958

Israel Steingold, Richmond, Va., for appellant.

Marvin F. Cole, Richmond, Va., for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from an order denying a discharge in bankruptcy on the ground that bankrupt had transferred property for the purpose of hindering, delaying or defrauding his creditors. It appears that the bankrupt listed no assets, and debts of approximately $1100. Prior to bankruptcy, there was listed in his name an automobile with no showing on the title certificate of any liens or encumbrances in favor of any other person. A judgment having been obtained against him in the state court, he was summoned before a commissioner in chancery in an effort by the holder of the judgment to discover assets. His attorney obtained a continuance of the hearing on the ground of illness and on the same day caused the title to the automobile to be transferred from bankrupt to his brother. A few days later and on the date to which the commissioner's hearing had been continued the bankrupt filed his petition in bankruptcy; and before the first meeting of creditors, the brother transferred his title to an automobile dealer. All of this occurred within less than a month, with the result that title to the automobile was shifted from bankrupt through his brother to an innocent holder in a manifest effort to place it beyond the reach of bankrupt's creditors at a time when one of the creditors was engaged in an effort to discover assets which might be subjected to his judgment. Under such circumstances we think that the discharge in bankruptcy was properly denied.

Bankrupt introduced evidence to the effect that his brother had paid for the automobile and that he was merely holding title for the benefit of his brother. Whether such a parol trust in an automobile registered in the name of a debtor can be asserted against the claims of his creditors, we need not stop to inquire. But see Humes v. Scruggs, 94 U.S. 22, 27–28, 24 L.Ed. 51. There can be no doubt that when bankrupt registered the title to the automobile in his name without listing any lien or encumbrance thereon, it was presumptively his property and subject to the claims of his creditors, see Staunton Industrial Loan Corp. v. Wilson, 4 Cir., 190 F.2d 706; and the transfer by him in a manifest effort to defeat any rights they might have therein was sufficient to bar his discharge. In addition to this, the referee found, and the record supports the finding, that in filing his petition in bankruptcy, bankrupt made a false statement for the purpose of concealing the transfer. We are not impressed by the contention that this false statement was made on the advice of counsel and with intent that the matter be cleared up at the first meeting of creditors. The referee found with regard to this: "He answered the question in item number 10 of the statement of affairs in the negative for the purpose of concealing such transfer and it was his purpose not to disclose the fact of such transfer unless a situation should arise in which he thought it would be advisable to disclose the same."

The discharge was properly denied.

Affirmed.