JULIAN MEDINA, Plaintiff, *v.* PAULA MEDINA, Defendant.

Supreme Court, Special Term, Kings County, December 29, 1954.

*Paula I. Moore* for defendant.

*Bernard L. Lesser* for plaintiff.

BRENNER, J. Defendant asks dismissal of this complaint as legally insufficient. The pleading recites two causes of action. Being opposed generally the motion under rule 106 of the Rules of Civil Practice must be denied if either states a proper cause of action (*Halstead* v. *General Ry. Signal Co.,* 268 App. Div. 1060).

Relevant facts as asserted in the first cause of action show that the parties are husband and wife and that they lived together as such until May, 1951; that in October, 1946, certain described real property was conveyed to them; that up to May, 1954, plaintiff '' was compelled to and did personally pay from the rents and his own personal funds '' certain items of mortgage, principal, interest, taxes and maintenance of the property; that, upon information and belief, defendant has (presumably since the latter date) been collecting rents derived from the property '' and has refused and neglected to make the payments due on the mortgage and any other expenses necessarily incurred to maintain the premises ''; that, upon information and belief, certain payments are now due; that plaintiff '' is unemployed and unable to pay the foregoing expenses and obligations ''; that, '' by reason of the foregoing actions of the defendant the respective interests in and to the premises of the plaintiff and the defendant are threatened and may be foreclosed.''

For a second cause of action plaintiff reiterates all of the foregoing but adds an allegation that plaintiff is without legal remedy.

For relief, plaintiff prays (1) that defendant be restrained from collecting the rents and be required to turn them over to

the plaintiff; (2) that plaintiff be appointed "receiver to collect the rents and use them to sustain the property"; and (3) for partition thereof. It is apparent from the averments made that the parties, being husband and wife, and having been such at the time of the conveyance, own and hold the real property in question as tenants by the entirety (2 Tiffany on Real Property [3d ed.], § 430).

The common-law incidents of this type of holding still persist and attach to it, except as they have been modified by statute. Such modification, it has been held, has been effected by the so-called "Married Women's Acts," freeing a wife from the concept of unity with the husband and upon his death she takes the entire holding. During their joint lives, however, neither is exclusively entitled to the income of the real property so held by both as tenants by the entirety, since they are tenants in common or joint tenants of its use (*Hiles* v. *Fisher*, 144 N. Y. 306).

Their rights, therefore, insofar as rents and profits are concerned, are to be thus tested. They are entitled to share equally therein (*Niehaus* v. *Niehaus*, 141 App. Div. 251). Where either party has received them to the exclusion of the other, or in deprivation of the other's rightful share, such other has a right to sue at law for moneys had and received (*Niehaus* v. *Niehaus*, *supra*), or seek an accounting in equity (*Minion* v. *Warner*, 238 N. Y. 413, 417; *Maekotter* v. *Maekotter*, 74 Misc. 214).

The difficulty with the pleading under attack is that it does not make proper allegation to warrant relief under either of such theories. It is not alleged, for example, that defendant has received more from the rents than she is entitled to (Real Property Law, § 532); or that she has excluded plaintiff from his right to collect and share in same. (It is to be noted here that as to moneys which the husband may have paid out himself for the acquisition or upkeep of such property during the marriage, there is a presumption that these were gifts to the wife based on "love and affection" [see *Hosford* v. *Hosford*, 273 App. Div. 659, 661].)

Plaintiff is consequently not entitled on the basis of the present pleading to any of the relief sought. Defendant being seized of the entire property, as well as is plaintiff, cannot be restrained from exercising her incidental right of ownership to collect the rents, much less be required to surrender such right to the plaintiff or have him appointed as receiver. Partition of an estate by the entirety does not lie (*Vollaro* v. *Vollaro*, 144 App. Div. 242).

The motion to dismiss the complaint is granted with leave to plaintiff, if so advised, to plead over upon a proper presentation of facts warranting same, in an action for moneys had and received or for an accounting or possibly for waste (*Kawalis* v. *Kawalis,* 183 Misc. 896). Settle order on notice.