**In the Matter of Donald ROWE, Bankrupt.**

**No. 63–B–710.**

United States District Court
E. D. New York.

Sept. 30, 1964

greater or less proportion than another carrier of the joint rate, fare, or charge."

Robinson, Nachison & Nachison, for bankrupt; Edward Nachison, of counsel.

Levy, Levy & Ruback, New York City, for Taft Realty Corp.; Sydney Basil Levy, New York City, of counsel.

BARTELS, District Judge.

This is a petition by an objecting creditor, Taft Realty Corp., to review a decision by the Referee on May 15, 1964, dismissing Specifications of Objections and granting a discharge in bankruptcy to Donald Rowe, the bankrupt. The salient facts as found by the Referee are as follows:

On September 28, 1962, the bankrupt and his wife purchased a home and took title in both of their names as tenants by the entirety. The purchase was financed by the payment of $504 cash, the assumption of a first mortgage of $15,400, and the execution of a second mortgage for $2,000. Although both husband and wife signed the mortgage bonds and the cash was paid from a joint account, it is established that the funds in the account were contributed solely by the wife. Approximately two months later, and within twelve months of the filing of the petition in bankruptcy, the husband transferred his interest in the property to his wife. The Referee found that the testimony of the bankrupt and his wife concerning this conveyance "was substantially that this transaction in November, 1962 was brought about by reason of the fact that the bankrupt was being sued by Taft Realty Corp., and that in order not to make the property available to this creditor if and when a judgment was obtained since the property was really hers, she having put up all of the money for its purchase, she had her husband make the conveyance and although many semantics were invoked in trying to ascertain whose interest was being protected by the alleged fraudulent conveyance, it was unmistakingly discernable from the testimony and from the disclosure in the Statement of Affairs and Schedules that this was the purport and intent at the time of the conveyance by the bankrupt to his wife in November, 1962."

While the facts are not in dispute, the Referee and the objecting creditor differ as to the conclusions to be drawn therefrom. The Referee predicated his decision upon the finding that there was no proof that the transfer was made with intent to hinder, delay or defraud creditors. In so doing, he gave legal significance to the husband's and wife's testimony that they saw nothing improper in the transfer because they believed that since the property was purchased solely with the wife's funds, it was still really hers despite the form of the deed. On the other hand, the objecting creditor claims that the facts clearly indicate the existence of the type of intent condemned by Section 14, sub. c(4) of the Bankruptcy Act, 11 U.S.C.A. § 32. As a rule, the Court is not free to disturb the finding of a Referee unless it is "clearly erroneous". Margolis v. Nazareth Fair Grounds & Farmers Mar-

ket, 2 Cir. 1957, 249 F.2d 221, 223. However, when the issue is one of drawing inferences from undisputed facts, the Court may exercise a greater freedom of review, if necessary, and draw a different inference concerning the bankrupt's intent. Baker v. Trachman, 2 Cir. 1957, 244 F.2d 18, 19; In Matter of Gurney, 2 Cir. 1934, 71 F.2d 144.

▮▮▮▮ The Court is convinced that the conclusion of the Referee based upon his inference from the facts in this case was erroneous. The fact that the wife furnished the cash necessary for the purchase did not deprive the husband of a legal interest in the property inasmuch as the conveyance was made to both as tenants by the entirety. His interest was a valuable interest and liable to execution by his judgment creditors subject to his wife's right of survivorship. Rothschild v. Lincoln Rochester Trust Company, 2 Cir. 1954, 212 F.2d 584, 585; Hiles v. Fisher, 144 N.Y. 306, 39 N.E. 337, 30 L.R.A. 305 (1894). Having acquired a valuable interest in real property which could be reached by creditors, it became immaterial that the cash for the purchase was supplied by the wife; creditors were entitled to rely upon the deed showing the bankrupt to be the owner of an undivided one-half interest in the property.[1] Tibbs v. Caterinacci, 4 Cir. 1951, 191 F.2d 957, 958; Berkey v. Davison Paxon Company, 5 Cir. 1931, 53 F.2d 205.

Since there was a transfer of an interest in property within twelve months of bankruptcy, a discharge must be denied if the bankrupt was motivated by an "intent to hinder, delay, or defraud his creditors". Sec. 14, sub. c(4) Bankruptcy Act. The statute reads in the disjunctive so that only one of these three motivating factors is required. Accordingly, "[i]t is not necessary that intent to defraud be proved. If the intent to hinder and delay exists, it is sufficient." In Re Perlmutter, D.C.N.J.1919, 256 F. 862, 869, aff'd, sub. nom. Perlmutter v. Hudspeth, 3 Cir. 1920, 264 F. 957. "A conveyance is illegal if made with an intent to defraud the creditors of the grantor, but equally it is illegal if made with an intent to hinder and delay them." Shapiro v. Wilgus, 1932, 287 U.S. 348, 354, 53 S.Ct. 142, 144, 77 L.Ed. 355. The Referee's opinion seems to deal with the absence of only one of these elements, the intent to defraud. But the absence of an intent to defraud without more will not absolve the bankrupt.

The bankrupt admitted that the transfer was made in order to prevent the property from being reached by his creditors. It would seem to follow automatically then that the transfer was made to hinder or delay creditors. This is not a matter of inference but an admitted fact. Here the intent to hinder was specific. The husband's belief that his conduct was morally justifiable does not discharge his burden of proof to establish that his act was not proscribed by the discharge provisions of the Act. Rothschild v. Lincoln Rochester Trust Company, supra. However sympathetic the Court may be to the predicament of the bankrupt and his wife, the law is clear. Under the circumstances the Court need not rely upon a different inference but can state as a matter of fact that the Referee's finding was "clearly erroneous". His decision must therefore be reversed and the discharge denied.

Settle order within ten (10) days on two (2) days' notice.

1. The fact that the husband bound himself upon the mortgage bonds would appear to be ample consideration in law and equity to justify the creation of a property interest in his name—if consideration were necessary.