In re David A. LYONS, Debtor.

COMMUNITY BANK, NATIONAL ASSOC., Plaintiff,

v.

David A. LYONS, Defendant.

Bankruptcy No. 91–03468.
Adv. No. 93–70186.

United States Bankruptcy Court,
N.D. New York.

April 11, 1994.

Allan J. Bentkofsky, Auburn, NY, for debtor.

The Crossmore Law Office (Edward Y. Crossmore, of counsel), Ithaca, NY, for plaintiff.

## MEMORANDUM–DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

STEPHEN D. GERLING, Chief Judge.

On November 4, 1993, Community Bank, N.A. ("Community Bank") commenced an adversary proceeding against David A. Lyons ("Debtor") and his nondebtor wife, Susan Lyons ("Mrs. Lyons"), seeking a determination concerning their respective interests in rental income generated by real property jointly owned by them. The Debtor responded by filing a motion on December 2, 1993, requesting a preliminary injunction pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure ("Fed.R.Bankr.P") enjoining Community Bank from executing on the wages of Mrs. Lyons. In their answer to the complaint served on them by Community Bank, the Lyons also seek a

permanent injunction enjoining Community Bank from executing on the rental income currently being collected by the Debtor, as well as on Mrs. Lyons' wages. Pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), incorporated by reference in Fed.R.Bankr.P. 7056, Community Bank filed a cross-motion for summary judgment declaring that Mrs. Lyons is the owner of one-half of the rental income and requesting that the Debtor's counterclaims for injunctive relief be dismissed.

The motions were heard on December 14, 1993, at a regular motion term of this Court in Syracuse, New York. The Court denied the Debtor's motion for any injunction with respect to the execution by Community Bank on Mrs. Lyons' wages, finding no basis to extend the automatic stay to a nondebtor pursuant to § 105 of the United States Bankruptcy Code (11 U.S.C. §§ 101–1330) ("Code"). The parties were requested to file memoranda of law concerning Community Bank's motion for summary judgment. The matter was submitted for decision on January 3, 1994.

## JURISDICTIONAL STATEMENT

The Court has core jurisdiction of this adversary proceeding pursuant to 28 U.S.C. §§ 1334(b), (157)(a), (b)(1) and (2)(K).

## FACTS

The Debtor filed for relief pursuant to Chapter 11 of the Code on December 9, 1991. As debtor-in-possession, he continues to operate a horse farm known as Leeswood Farm ("Farm"), located in the Town of Phelps, Ontario County, New York. The real property on which the Farm is located is jointly owned by the Lyonses and consists of approximately 155 acres. *See* Exhibit A of the Complaint. There are three improvements on the property from which rental income is derived, namely a main residence, a double-wide modular home, and a house known as the manager's residence ("Rental Property"). Income derived from the Rental Property totals $1,350.00 per month when all three units are occupied. Rental income for the period of December 1, 1991—December 31,

1993 was $28,800.00. *See* Exhibits C and D of the Complaint.

On or about October 14, 1993, Community Bank was awarded a judgment against Mrs. Lyons in the amount of $138,354.53 by the New York State Supreme Court, Seneca County, New York. *See* Exhibit D of the Complaint. The Debtor is also allegedly liable on the debt instrument which underlies the judgment. *See* ¶ 20 of the Complaint. In conjunction with the judgment, Community Bank served Mrs. Lyons with an income execution, requiring that she pay Community Bank ten percent of her monthly income or $246.00 per month. *See* ¶ 10–12 of Debtor's Answer.

## ARGUMENTS

Community Bank contends that as a matter of law Mrs. Lyons owns one-half of the income derived from the Rental Property. Community Bank seeks a determination to that effect from the Court in order to be able to seek to have a receiver appointed in New York State Supreme Court to accept payment of the rental income from the Debtor on behalf of Mrs. Lyons. The Debtor asserts that the rental income is used in the operation of the Farm and is property of the estate. On that basis, the Debtor contends that any attempt on the part of Community Bank to obtain possession of the monies would violate the automatic stay pursuant to Code § 362(a).

## DISCUSSION

 In order to grant a motion for summary judgment pursuant to Fed.R.Bankr.P. 7056, the Court must find that the pleadings and other documents on file, including affidavits, establish that there is no "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Federal Deposit Ins. Corp. v. Bernstein,* 944 F.2d 101, 106 (2d Cir.1991) (quoting Fed.R.Civ.P. 56(c)). The Court is also empowered to enter summary judgment in favor of a nonmoving party if the record so dictates. *Brandon v. Bd. of Educ. of Guilderland Cent. Sch. Dist.,* 487 F.Supp. 1219, 1233 (N.D.N.Y.1980), *aff'd* 635 F.2d 971 (2d Cir.1980), *cert. denied,* 454 U.S. 1123, 102

S.Ct. 970, 71 L.Ed.2d 109 (1981); *reh'g denied,* 455 U.S. 983, 102 S.Ct. 1493, 71 L.Ed.2d 694 (1982).

■ The question currently before the Court is one of law, namely, what is the nature of Mrs. Lyons' interest, if any, in the income from the Rental Property. Federal courts must generally look to state law to determine property interests. *Butner v. United States,* 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979). In New York a conveyance of real property to a husband and wife creates an estate by the entireties unless there is an express provision to the contrary. New York Estates, Powers and Trusts Law (NYEPTL) § 6–2.2(b). Each spouse owns the entire property and has full title to it. *In re Persky,* 134 B.R. 81, 86 (Bankr.E.D.N.Y.1991). In addition to the right of ownership, each spouse also has a right to the use and enjoyment of the property, as well as a right of survivorship. *Id.* at 85; *see also In re Flinn,* 95 B.R. 13, 16 (Bankr.N.D.N.Y.1988). Each cotenant can convey his/her present possessory and survivorship interests, but neither can separately convey or encumber the entire property, nor exclude the other from its use, nor devise his/her share upon death. *Hiles v. Fischer,* 144 N.Y. 306, 312, 39 N.E. 337 (1895).

■ Under the Code, a debtor's interest in entireties property becomes part of the bankruptcy estate and passes to the trustee. *See* 11 U.S.C. § 541. Section 362 of the Code automatically stays all proceedings against the debtor. However, the automatic stay pursuant to Code § 362 does not encompass non-bankrupt codebtors who are jointly liable on a debt with the debtor. *Teachers Ins. & Annuity Ass'n of America v. Butler,* 803 F.2d 61, 65 (2d Cir.1986). Therefore, the automatic stay normally would not extend to the Debtor's spouse, Mrs. Lyons, since she has not joined in the filing of the petition herein.

■ At one time, it was the husband alone who managed the property held by the entireties and had the right to the present enjoyment of all of the use, possession and income from the property. *Persky, supra,* 134 B.R. at 89. However, under New York's Married Women's Property Acts, both husband and wife share this right, each having an undivided one-half interest which is both "alienable and separately subject to levy by creditors." *Id.; see also Hiles, supra,* 144 N.Y. at 315, 39 N.E. 337. Where one spouse collects the rents from the property, to the exclusion of the other spouse, the latter has a right at law for monies had and received or to seek an accounting. *Medina v. Medina,* 206 Misc. 1100, 1102, 138 N.Y.S.2d 374, 376 (S.Ct. Kings County 1954); *Tannis v. Tannis,* 213 N.Y.S.2d 320, 321–22 (S.Ct. Kings County 1961). Any recovery is predicated on there being income left after the cotenant has used the rents to meet "proper charges" against the property, including mortgage payments and taxes. *See Vlacancich v. Kenny,* 271 N.Y. 164, 170, 2 N.E.2d 527 (1936); *see also Goergen v. Maar,* 2 A.D.2d 276, 278, 153 N.Y.S.2d 826 (3d Dep't 1956) ("Any item of rent received by a cotenant, in excess of his share of the income of the property, is an equitable charge against his interest and any expenditure made by a cotenant, in excess of his share of the obligation, is a charge against the interests of his cotenants …").

The court in *Persky* indicated *in dicta* that what it called the "usufruct" right (that having to do with use and enjoyment of the property, including rents derived therefrom) is not an ownership interest; "it is merely one of the incidents of such interest." *Persky, supra,* 134 B.R. at 90; *see also Medina, supra,* 206 Misc. at 1102, 138 N.Y.S.2d 374 (referring to "incidental right of ownership"). Other courts to address the issue speak in terms of an "entitlement" rather than any sort of outright ownership of the rents and profits. *See e.g., Medina, supra,* 206 Misc. 1100, 138 N.Y.S.2d 374; *College Point Savings Bank v. Tomlinson,* 42 Misc.2d 1061, 249 N.Y.S.2d 938 (S.Ct. Nassau County 1964). Failure of a spouse to take any action to recover the monies to which he/she is entitled has been construed to constitute a waiver of any right to the rents under the presumption that a gift has been made to the other spouse. *See T.G.W. Realties, Inc. v. Long Island Bird Store, Inc.,* 151 Misc. 918, 272 N.Y.S. 602, 607 (S.Ct., NY County, 1934); *Grishaver v. Grishaver,* 225 N.Y.S.2d 924, 934 (S.Ct. NY County 1961). In *T.G.W. Re-*

*alties,* the husband had collected rents from his sons, who operated a business on the premises owned by both the husband and the wife. Over the years, the wife had made no claim to the rent. The court held that her "long period of acquiescence has resulted in a waiver of her claims" until such time as she might revoke her permission. *T.G.W. Realties, supra,* 272 N.Y.S. at 606.

■ In the case *sub judice* it appears that Mrs. Lyons, by permitting her husband to collect the income from the Rental Property, has waived any claim she might have had up to the present time. She is entitled to sue the Debtor for her share of the future rents and to demand an accounting. However, the Court finds no law that would compel Mrs. Lyons to sue the Debtor for her share of the rental income. The situation appears comparable to one in which an individual who is entitled to an inheritance elects to renounce it. *See* NYEPTL § 2–1.11. Admittedly, in both instances, the election not to seek what one is entitled to clearly works as a detriment to creditors in that there is no property against which to execute a judgment.

■ Community Bank refers the Court to § 5202 of the New York Civil Practice and Rules ("NYCPLR"). This particular statute addresses a judgment creditor's rights in *personal* property. The statute provides that "where a judgment creditor has delivered an execution to a sheriff, the judgment creditor's rights in a debt owed to the judgment debtor or in an interest of the judgment debtor in personal property ... are superior to the extent of the amount of the execution to rights of any transferee of the debt or property" with certain exceptions. *See* NYCPLR § 5202(a). Under New York law, however, rent is considered to be an interest in real property, not personal property. *Glassman v. Hyder,* 23 N.Y.2d 354, 358–59, 244 N.E.2d 259, 296 N.Y.S.2d 783 (1968). Furthermore, the obligation to pay rent creates no debt until payment is actually due. *Id.,* citing *Matter of Ryan's Estate,* 294 N.Y. 85, 95, 60 N.E.2d 817, 821 (1945) (The obligation is contingent and may never become due.) Accordingly, NYCPLR § 5202 is inapplicable to the issue currently before this Court.

■ In a case decided over one hundred years ago, the Supreme Court stated, "If the money which a married woman might have had secured to her own use is allowed to go into the business of her husband, and be mixed with his property, and is applied [to the purchase of real estate] for his advantage, or for the purpose of giving him credit in his business and is thus used for a series of years, [there being no specific agreement when the same is purchased that such real estate shall be the property of the wife] the same becomes the property of the husband for the purpose of paying his debts." *Humes v. Scruggs,* 94 U.S. 22, 27–28, 24 L.Ed. 51 (1876).

While the facts in *Humes* were somewhat different in that it was the creditor, rather than the debtor, who was making the argument that the property belonged to the bankruptcy estate, rather than to the wife, in spite of the debtor's effort to transfer it to his wife, the analysis appears no less applicable to the matter herein. In the past, Mrs. Lyons allowed the Debtor to use the income derived from the Rental Property to operate the Farm. In the view of this Court, the income constitutes property of the estate. Mrs. Lyons is certainly well within her rights to claim any future rental income. However, this conclusion is subject to the proviso that if the Debtor has made "necessary and lasting improvements on the common estate, or has paid the taxes legally assessed against it," the Debtor will continue to hold the title of Mrs. Lyons, as well as his own, until he is reimbursed. *See Pitman v. Smith,* 135 A.D. 904, 905, 120 N.Y.S. 193 (2d Dep't 1909).

Having concluded that the income from the Real Property is property of the estate, any act to enforce a lien or to obtain possession of property of the estate is subject to the automatic stay.[1] It is, therefore, unnecessary for the Court, pursuant to Code § 105,

---

1. It is the view of this Court that in order for Mrs. Lyons to proceed with any such action, it would be necessary for her to seek relief from the automatic stay in order for the Court to determine the extent of her interest in the property of the estate.

to determine whether the automatic stay, vis-a-vis the rental income, should be extended to the nondebtor spouse, namely, Mrs. Lyons.

For the above reasons, it is hereby

ORDERED that the motion by Community Bank for summary judgment be denied; and it is further

ORDERED that summary judgment be granted as to the non-moving parties, namely the Lyons, on a finding that while Mrs. Lyons is entitled as a matter of law to one-half of the net income from the Rental Property, until such time as she elects to pursue her right at law for the monies or to seek an accounting, the rents remain property of the estate.

ORDERED that the Lyons' counterclaim for injunctive relief be granted to the extent of enjoining Community Bank from executing on the rental income.