OPINION OF THE COURT
Emily Pines, J.
Plaintiff, Angela Ali, moves, by notice of motion (motion sequence No. 002) for an order, pursuant to CPLR 603, severing *639 plaintiffs tort action against defendant Louis DeMaddis, in order to allow the plaintiff to proceed against codefendant, Cheryl A. DeMaddis. The action against Louis DeMaddis is stayed under Bankruptcy Code (11 USC) § 362 (a), since that defendant filed a chapter 7 proceeding in the United States Bankruptcy Court for the Eastern District of Pennsylvania on October 16, 2006, the very date that this court had set down for inquest against the defendants on damages, pursuant to its decision and order dated August 14, 2006.
Plaintiff claims that the automatic stay provisions of the Bankruptcy Code do not apply to nonfiling codefendants, citing Rosenbaum v Dane & Murphy (189 AD2d 760 [2d Dept 1993]). That case held that it is in the state trial court’s discretion to grant a severance under such circumstances, since the balance of the equities lies with the plaintiff. Where, as in that action, a stay would prevent action against a nonfiling codefendant, and such results in undue hardship for the injured plaintiff, the courts do not favor extension of the bankruptcy stay to cover the entire state action.
Counsel for the nonfiling defendant, Cheryl DeMaddis, opposes the motion to sever, arguing that because the major asset of the parties is a home, which they own as tenants by the entirety, the bankruptcy stay should, as a matter of law, extend to the entire state action and that only the Bankruptcy Court can lift the stay. In any case, he asserts that he intends to move, upon lifting of such stay, to vacate the default judgment against his client.
Whether the stay imposed by 11 USC § 362 (a) applies to a nonfiling spouse, when a state action is pending against both parties, requires analysis of state and federal law. The parties appear to agree that the defendants’ major asset, a home, is owned by the defendants as a tenancy by the entirety. Under New York law, this means that each spouse owns the entire property and has full title to it, unless there is a provision in the conveyance to the contrary (see, EPTL 6-2.2 [b]). While each cotenant by the entirety can convey his/her possessory and survivorship interest, neither can separately encumber the entire property or exclude the other from its use. (Hiles v Fisher, 144 NY 306, 312 [1895].) Under the Bankruptcy Code, a debtor’s interest in the entire property becomes part of the bankruptcy estate and passes ultimately to the trustee. (See, 11 USC § 541.) While the stay provisions of the Bankruptcy *640 Code do automatically stay all proceedings against the debtor, they do not apply to nonfiling parties, even a spouse who may be jointly liable on a debt with the debtor-filer. (See, In re Lyons, 177 BR 767 [ND NY 1994].)
Applying the above principles to the case at bar, this court grants plaintiff’s motion to sever the stayed action from plaintiff’s action against the nonfiling defendant, Cheryl De-Maddis.